UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREHANA CLEMMONS, | Case No. 2:25-cv-1368-DAD-CSK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| SACRAMENTO COUNTY SHERIFF, | (ECF Nos. 1, 2, 3) |
| Defendant. | |

Plaintiff Trehana Clemmons is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend. Finally, the Court also recommends Plaintiff's motion for injunctive relief (ECF No. 3) be denied.

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See* ECF No. 2. However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

///

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

F.3d 336, 339 (9th Cir. 1996).

## III. THE COMPLAINT

Plaintiff brings this action against Defendant Sacramento County Sheriff. Compl. at 1-2. Plaintiff alleges federal question jurisdiction pursuant to: "18 U.S.C. 1028, 18 U.S.C. 241 and 242, 5 U.S.C. 552, 18 U.S.C. 1201, violations also include those to the 1st, 4th, 5th, 6th, 8th, 11th Amendments to the Constitution, Federal Rules of Criminal Procedure 5(a)(1), Peace and Friendship Treaty, Civil Rights, [and] Ecclesiastical Law[.]" Compl. at 4. The entirety of the allegations in the Complaint are as follows:

> The department has targeted me with genocidal acts upon my tribe. Their hate crimes resulted in irreparable damages. They take crafty counsel to torture me and dehumanize me. They use excessive force on me every time, and I'm non threatening towards them. I fear for my life because of them! They have perpetually violated their oath to uphold the U.S. Constitution various occasions such as in September 2021, 1/16/2025, 03/01/2025, 05/08/2025 and back in 2013. Their hate crimes towards me are blatant and identifying. Their abuse of power must end today! They are the professional making it a policy of pattern and practice to target my tribe and brutalize us. They're menaces to society.

Compl. at 5. For relief, Plaintiff requests a restraining order for herself and her relatives and $25 billion in monetary damages. *Id*. at 5-6.

## IV. DISCUSSION

### A. Lack of Standing

To the extent Plaintiff seeks to raise claims on behalf of others, the Court recommends declining to exercise jurisdiction over such claims. To have Article III standing, a party must show (1) it has suffered an "injury in fact," (2) its injury is "fairly traceable" to the defendant's actions, and (3) its injury will likely be "redressed" by the action. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Complaint appears to assert rights on behalf of others such as her "tribe" and "relatives." *See* Compl. at 5-6. To the extent Plaintiff is seeking to assert the rights of others, Plaintiff lacks standing to do so. Plaintiff may only challenge violations of her own rights that

4

result in an actual injury. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[P]laintiff generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties."). To the extent Plaintiff seeks to raise claims on behalf of others, the Court recommends the Court decline to exercise jurisdiction over claims brought on behalf of others.

### B.    Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts supporting any cognizable legal claim against Defendant.

Plaintiff generally states that Defendant violated her constitutional rights in 2013, 2021, January 16, 2025, March 1, 2025, and May 8, 2025. Compl. at 5. However, Plaintiff does not allege any specific facts demonstrating how Defendant specifically violated her constitutional rights. The Complaint consists of vague and conclusory allegations that fail to establish Plaintiff's causes of action. In addition, Plaintiff lists criminal federal statutes that do not provide for civil liability or a private right of action. *See Van Hope-el v. United States Dep't of State,* 2019 WL 295774, at *4 (E.D. Cal. Jan. 23, 2019), *aff'd sub nom. Hope-El v. U.S. Dep't of State*, 2019 WL 3941181 (9th Cir. June 26, 2019) (dismissing claim under 18 U.S.C. § 1028 because the criminal statute does not provide a private right of action or impose civil liability); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of a claim brought by an individual for violation of 18 U.S.C. § 241); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (holding 18 U.S.C. §§ 241 and 242 "provide no basis for civil liability"); *Gumber v. Fagundes*, 2021 WL 3563065, at *1 (N.D. Cal. Aug. 11, 2021) (dismissing claim under 18 U.S.C. § 1201 because the criminal statute did not provide for a private right of action); *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190 (1994)

(A "bare criminal statute," state or federal, does not create a private cause of action.). Finally, Plaintiff also fails to explain how Defendant violated the "Peace and Friendship Treaty." *See Bey v. Linder*, 2020 WL 5110357 (E.D. Cal. Aug. 31, 2020) (noting that claims based on the violation of the Treaty of Peace and Friendship have repeatedly been found to be frivolous); *see also Ingram El v. Crail*, 2019 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019). Because the Complaint is unintelligible or fails to state a claim, granting leave to amend in this case would not be fruitful.

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C.   Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint is without merit and consists entirely of allegations with no basis in law. *See generally* Compl. The Complaint does not contain facts supporting any cognizable legal claim against Defendant and also asserts criminal statutes that do not provide for a private right of action or civil liability. In light of the Complaint's deficiencies, granting leave to amend would be futile. The Court further notes that Plaintiff has filed other complaints in this district court that were dismissed for failure to state a claim. *See Clemmons v. Callejar, et al.*, 2:25-cv-01438-TLN-JDP (E.D. Cal July 7, 2025) (complaint dismissed as frivolous and for failure to state a claim without leave to amend); *Clemmons v. Annberry Transitional Care, et al.*, 1:25-cv-00662-KES-SKO (E.D. Cal. July 11, 2025) (same). The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### V. PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

On May 21, 2025, Plaintiff filed a motion for injunctive relief. Pl. Mot. (ECF No. 3.) Plaintiff is requesting an injunction based on being "unlawfully arrested and not afforded to have [her] day in court upon getting released." *Id*. at 1. Plaintiff alleges she was kidnapped by law enforcement and let go on May 12, 2025. *Id*. Plaintiff requests injunctive relief and alleges "[w]ithout this injunction, [her] rights and life are in danger of being usurped." *Id*.

Under federal law, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the plaintiff must show (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of a preliminary injunction"; (3) "the balance of equities tips in [their] favor"; and (4) a preliminary injunction "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20) (referred to as the *Winter* factors). Because the Court recommends that this action be dismissed without leave to amend, the Court finds that Plaintiff fails to demonstrate that she is likely to succeed on the merits of her claims. For this reason, Plaintiff's motion for injunctive relief should be denied.

### VI. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend;
3. Plaintiff's motion for injunctive relief (ECF No. 3) be DENIED; and
4. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should

be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 25, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, clem1368.25